GRIFFIN, J.,
concurring in part; dissenting in part.
I agree that a permanent injunction is required, but I am unable to agree with the majority that the trial court’s basis for extending the injunction was legally insufficient. In addition to all the other evidence before the court concerning Husband’s prior conduct and prior statements, Wife testified that, after entry of the earlier injunction, she continued to be contacted by two of Husband’s uncles on numerous occasions. One of these uncles testified that he knew about the injunction, but, nevertheless, contacted Wife seven or eight times to try to get her to reconcile with Husband, and, on one occasion, he attempted to set up a meeting with Wife. The uncle admitted he was in contact with Husband during this time, but denied that Husband had put him up to contacting Wife. The trial court found that the uncle was not credible on this point and that there had been efforts by Husband to communicate with Wife through the uncle. The trial court found that there were circumstances that would justify Wife’s “reasonable continuing fear *717 of domestic violence . Viewed in the context of the already-existing injunction and Husband’s previous violent conduct and threats, these efforts by the uncle on behalf of Husband suggest something more than mere offers of reconciliation. These communications demonstrate that Husband violated the injunction, that he was willing to continue to subvert the injunction, and that he was willing to lie under oath about what he had done.